UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATHERINE LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2697** |
| **DELTA AIR LINES, INC., ET AL** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Delta Air Lines, Inc.'s ("Delta's") **Motion to Dismiss for Insufficient Service of Process** under Rule 12(b)(5) (Rec. Doc. 8) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Entry of Default** (Rec. Doc. 18) and **Motion for Default Judgment** (Rec. Doc. 19) are **DENIED**.

### BACKGROUND

On October 3, 2018, plaintiff Catherine Leblanc and her husband, Wendell Leblanc, were allegedly injured as a result of a rough landing at the conclusion of Delta flight 2592 from Los Angeles, California to New Orleans, Louisiana. As a result of the rough landing, the Leblancs allege that Catherine Leblanc suffered severe neck pain and a broken wrist, and her husband was injured when his head and neck struck the bathroom wall behind him.

Plaintiff's husband filed suit on October 3, 2019 in Orleans Parish Civil District Court, and the suit was removed to this court.[1]

Since the incident, Catherine Leblanc has been in verbal and written contact with Delta

---

[1] It is pending in this section as Civil Action No. 19-13598, <u>Wendell Leblanc v. Delta Air Lines, Inc., et al</u>.

through its insurer, Allianz Global Corporate & Specialty, and has provided Delta facts surrounding her injuries, as well as medical records and recorded statements, in an attempt to settle this matter. Plaintiff filed the instant suit in this district on October 2, 2020. It was randomly allotted to another section of this court and transferred to the undersigned as a proceeding related to her husband's pending case.

On January 25, 2021 the court ordered plaintiff to show cause why service of process had not been effected. The same day, plaintiff's counsel filed a proof of service affidavit into the record, reflecting that plaintiff's counsel had mailed certified copies of the summons and complaint to Corporation Service Company, the registered agent for Delta in Peachtree Corners, Georgia, which were received on November 16, 2020.

On January 26, 2021, counsel for Delta filed the instant Motion To Dismiss For Insufficient Service of Process Under Federal Rule 12(b)(5). Delta argues that this matter is subject to dismissal because long-arm service is inapplicable in this case, and plaintiff did not otherwise timely perfect service. However, Delta acknowledges that service was made through personal service on its registered agent in Baton Rouge, Louisiana on February 4, 2021. Nonetheless, Delta argues the matter should be dismissed because service was perfected beyond the 90-day deadline specified in Federal Rule of Civil Procedure 4(m).

Following submission of the proof of service, plaintiff moved for entry of default and a default judgment against Delta, arguing Delta has failed to respond or otherwise defend the suit.

2

## DISCUSSION

I.    **Motion to Dismiss for Improper Service**

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1353 (3d ed.).

Federal Rule of Civil Procedure 4(h) provides that service on a corporation in a judicial district of the United States shall be made by delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Alternatively, service may be accomplished in the manner set forth under Federal Rule 4(e)(1), which directs that service be made according to state law for serving an individual in the state where the district sits.

In Louisiana, service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process. LA. CODE CIV. PROC. 1261(A). "If the corporation has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent," service may be effected under the provisions of La. Rev. Stat. 13:3204, if the corporation is subject to the provisions of La. Rev. Stat. 13:3201, otherwise known as long-arm service. LA. CODE CIV. PROC. 1261(B)(3).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. " 'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.' " Gartin v. Par Pharm. Companies, Inc., 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)). Further, "courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified ... ' " Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013)  (quoting Lambert, 44 F.3d at 299).

Nevertheless, the court has discretion to extend the time for service of process even if the plaintiff cannot demonstrate good cause. Id. at 511 (citations omitted). Indeed, it is not uncommon in this district to do so when there is no clear showing of prejudice to the defendant. See, e.g., Tucker v. Unitech Training Acad., Inc., 2016 WL 5678562, *3 (E.D. La. 10/3/2016) (citing cases).

In this case, plaintiff contends that it properly effected service on Delta under Louisiana's long-arm service rule on November 16, 2020, when it mailed the summons and complaint to Delta's registered agent in Atlanta, Georgia. However, Delta is correct that long-arm service is not appropriate in this case because it has designated an agent for service of process within the State of Louisiana. See LA. CODE CIV. PROC. art. 1261(b)(3). While plaintiff cured this defect by

4

serving Delta's Louisiana registered agent on February 4, 2020, this service was not completed properly within 90 days of the filing of the complaint. Further, plaintiff has not established good cause for her failure to timely serve Delta. Plaintiff merely argues that she effected long-arm service, without addressing the fact that long-arm service is inapplicable in this case. "Mistake of counsel or ignorance of the rules usually does not suffice" to establish good cause. Gartin, 289 Fed. Appx. at 692 (5th Cir. 2008).

However, Delta acknowledges that it was served on February 4, 2021, and Delta will suffer no prejudice by the court extending the time for service to that date. To the contrary, Delta is well aware of the facts and issues of this case, and its insurer has been attempting to settle the matter. The facts and issues are nearly identical to those in the related case, Civil Action No. 19-13598, Wendell Leblanc v. Delta Air Lines, Inc., et al., which Delta has answered, and for which discovery is underway and a trial date has been set.[2] Accordingly, the court finds that service on February 4, 2021 was not too late.

## II. Motion for Entry of Default

Plaintiff moved for an entry of default and a default judgment, arguing that it perfected service on Delta on November 16, 2020, and Delta has failed to answer the complaint. As the foregoing establishes, service on Delta was not perfected until February 4, 2021. At that time, Delta's Motion to Dismiss under Rule 12(b)(5) was pending. Accordingly, there is no basis to default Delta, and Delta's answer is due 14 days from the entry of this order. See FED. R. CIV.

---

[2]Considering the near-identical facts, circumstances, and legal issues in these cases, the cases will be consolidated in a separate order.

PROC. 12(a)(4)(A). Accordingly,

**IT IS HEREBY ORDERED** that defendant Delta Air Lines, Inc.'s ("Delta's") **Motion to Dismiss for Insufficient Service of Process** under Rule 12(b)(5) (Rec. Doc. 8) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion for Entry of Default** (Rec. Doc. 18) and **Motion for Default Judgment** (Rec. Doc. 19) are **DENIED**.

New Orleans, Louisiana, this  24th  day of February, 2021.

                    **MARY ANN VIAL LEMMON**
                      **UNITED STATES DISTRICT JUDGE**